UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KIM MARIE J.,

Plaintiff,

-against-

**REPORT AND RECOMMENDATION**

21 Civ. 6472 (EK) (VMS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------x

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Kim Marie J.'s counsel moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). See Pl.'s Mot., ECF No. 25; see also Pl.'s Mem. in Supp., ECF No. 26; Aff. in Supp., ECF No. 27. The motion follows this Court's remand of Plaintiff's appeal for benefits from the Social Security Administration ("SSA") and a later fully favorable administrative decision awarding benefits to Plaintiff. See Mem. & Order, ECF No. 22; Notice of Award, ECF No. 28-1. Plaintiff's counsel seeks $12,695.09 in attorneys' fees, representing twenty-five percent of Plaintiff's past-due benefits. See Pl.'s Mot, ECF No. 25 at 1. For the reasons set forth below, the Court respectfully recommends that the motion be granted.

## I. BACKGROUND

On January 29, 2016, Plaintiff Kim Marie J. applied for disability insurance benefits alleging disability beginning on November 9, 2010. See Mem. & Order, ECF No. 22 at 1. After receiving an adverse decision, Plaintiff requested a hearing. See id. at 1-2. In September 2018, Administrative Law Judge ("ALJ") Ifeoma Iwuamadi held a hearing and determined that Plaintiff was not disabled. See id. at 2. Plaintiff requested review of that decision, and in May 2020, the Appeals Council remanded the matter for further consideration. See id. ALJ

Iwuamadi held a second hearing and again determined that Plaintiff was not disabled. See id. The Appeals Council denied Plaintiff's second request for review, making the ALJ's decision final. See id.

Plaintiff timely sought review of the Commissioner of Social Security's denial of her claim for disability benefits before the District Court. See Compl., ECF No. 1. On March 15, 2024, District Judge Komitee ruled that the ALJ's conclusions were unsupported by substantial evidence and remanded the case for further administrative proceedings. See Mem. & Order, ECF No. 22 at 15-16. On June 14, 2024, the parties stipulated to an award of attorneys' fees to Plaintiff, pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $9,785.00, see ECF No. 23-1, which the Court entered, see ECF No. 24. By Notice of Award dated October 10, 2025, the SSA notified Plaintiff that she would receive the lump-sum award for past-due disability benefits in the amount of $50,780.37, as well as future monthly checks of $967.00. See Notice of Award, ECF No. 28-1 at 2.

Before this Court, on referral from the District Court, is Plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 25-27; see 11/20/2025 Order. Counsel relies on the contingency-fee agreement signed by Plaintiff, under which Plaintiff agreed that counsel could seek a fee of up to twenty-five percent of any past-due benefits awarded. See Pl.'s Mem. in Supp., ECF No. 26 at 3. On November 18, 2025, Defendant responded to the motion.[1] See Def.'s Resp., ECF No. 28.

## II. LEGAL STANDARD

In connection with Social Security Disability ("SSD") benefits, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an

[1] "Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)" because "the Commissioner has no direct financial stake in the outcome of this motion." Def.'s Resp., ECF No. 28 at 1.

attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). "The effect of the provision, which was originally passed in 1965, is threefold: it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of such fees should be paid." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation & alterations omitted).

"When considering a fee application under section 406(b), 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Yamile B. S. v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (finding the terms of plaintiff's counsel's retainer agreement to be reasonable where the agreement provided that attorneys' fees would amount to no more than 25% of the plaintiff's past-due SSD benefits) (citing & quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see Fields, 24 F.4th at 852-53 (holding that the district court may reduce the contingent-fee agreement amount only when it finds the amount to be unreasonable).

Courts should begin with the contingent-fee agreement, then review the requested fee for reasonableness. See Gisbrecht, 535 U.S. at 808-09. The Second Circuit has directed courts to

consider the following factors: the character of the representation, the results achieved, whether counsel caused delay, whether the requested fee is within the statutory cap, the amount of time counsel spent on the case, counsel's experience, and whether the requested fee would be a windfall. See Fields, 24 F.4th at 853-55; see also Wells v. Sullivan, 907 F.2d 367, 371-72 (2d Cir. 1990).

As to the "windfall" factor, the Second Circuit has made clear that a high effective hourly rate does not, by itself, render a fee unreasonable. See Fields, 24 F. 4th. at 854 (noting a "relatively high de facto hourly rate of $1,556.98" must be viewed in the context of the attorneys' expertise and hours expended, adding that "[i]t would be foolish to punish a firm for its efficiency"). Social Security cases are often handled on a contingency basis, such that counsel risks not receiving a fee at all if the claimant does not obtain SSD benefits. Courts, therefore, must also consider the risk of nonrecovery in assessing a motion for attorneys' fees. See id. at 856. "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.

## III. ANALYSIS

### A. Counsel's Requested Attorneys' Fees Are Reasonable

Plaintiff's counsel seeks $12,695.09 in attorneys' fees. See Pl.'s Mot., ECF No. 25 at 1. This amount represents the statutory maximum of twenty-five percent of Plaintiff's past-due benefits award. See 42 U.S.C. § 406(b)(1)(A); see also Aff. in Supp., ECF No. 27 at 3 ("25% of $50,780.37 is $12,695.09"). Applying the Second Circuit's "guidelines for courts considering this reasonableness analysis" under § 406(b), see Fields, 24 F. 4th. at 849, the Court finds the requested fees are reasonable.

First, the contingency-fee agreement that Plaintiff signed with her counsel supports granting the motion. See Retainer, ECF No. 27-1. Under that agreement, Plaintiff agreed that counsel could seek attorneys' fees of "up to twenty-five percent (25%) of the past due benefits." Id. Nothing in the record leads the Court to find "there was fraud or overreaching in the making of the contingency arrangement," Fields, 24 F.4th at 849, between Plaintiff and her counsel.

Second, counsel obtained a very favorable result for Plaintiff. See Mem. & Order, ECF No. 22; Notice of Award, ECF No. 28-1. Following two administrative hearings with ALJ Iwuamadi, Plaintiff was twice deemed not disabled and denied Social Security benefits. See Mem. & Order, ECF No. 22 at 2. Upon review, District Judge Komitee remanded the case for further administrative proceedings, see Mem. & Order, ECF No. 22 at 16, and the SSA awarded Plaintiff $50,780.37 in past-due benefits, plus monthly checks of $967.00, see Notice of Award, ECF No. 28-1 at 2. Plaintiff's counsel helped Plaintiff recover significant past and future benefits, "which likely would not have been possible without [c]ounsel's efforts." See Yamile B.S., 2022 WL 1115099, at *2.

Third, there is no indication that Plaintiff's counsel delayed this case. A review of counsel's time records shows that he efficiently and effectively litigated this action. See Atty. Hrs., ECF No. 27-2. Counsel expended 38.6 hours, which included "condensing a 2322-page transcript to a clear, cogent and concise argument[,]" conducting "many hours of case law and medical research," and "digesting dense medical records into a summary of evidence that was understandable for the Court." See Pl.'s Mem. in Supp., ECF No. 26 at 4. Counsel demonstrated "diligence and avoid[ed] any delay that might have inflated the past-due amount." Meyer v. Acting Comm'r of Soc. Sec., No. 22 Civ. 5582 (LDH) (JMW), 2025 WL 2879978, at *3 (E.D.N.Y. Oct. 9, 2025). Counsel timely filed the instant motion, see Pl.'s Mot., just two weeks after having received the Notice of Award, see Notice of Award., ECF No. 28-1 at 2. See

Sinkler v. Berryhill, 932 F.3d 83, 91 (2d Cir. 2019) (requiring motions for attorneys' fees under 42 U.S.C. § 406(b) of the Social Security Act to be filed within fourteen days "after the claimant receives notice of the benefits calculation"). Nothing in the record suggests that counsel acted improperly or prolonged the litigation.

A fee award of $12,695.09 for 38.6 hours represents an effective hourly rate of $328.89.[2] See Pl.'s Mem. in Supp., ECF No. 26 at 4 n. 2. Courts in this Circuit evaluate four factors to determine whether a fee would be a windfall: "(1) 'the ability and expertise of the lawyers' and whether counsel was particularly efficient, accomplishing in a short time what less specialized lawyers might take longer to do; (2) 'the nature and length of the professional relationship' with the claimant, including any representation at the agency level; (3) 'the satisfaction of the disabled claimant'; and (4) 'how uncertain it was that the case would result in an award of benefits and the effort it took to achieve the result.'" Meyer, 2025 WL 2879978, at *3 (quoting Fields, 24 F.4th at 854-55)).

The Court first considers Plaintiff's counsel's experience and efficiency. Counsel states that he "has been practicing Social Security Disability law almost exclusively for over twenty years at the administrative and federal court levels of appeal." Aff. in Supp., ECF No. 27 at 2. Counsel is licensed to practice law in Florida and New York, and he has represented claimants at "hundreds of administrative level hearings and in federal court civil actions." Id. at 1-2. Courts in this Circuit have granted this counsel's requests for attorneys' fees for his successful representation of plaintiffs in Social Security cases. See, e.g., Tashima B-Asia Wright v. Bisignano, No. 22 Civ. 3310 (PKC), 2026 WL 2056860, at *3-4 (E.D.N.Y. July 16, 2026) (awarding Mr. Pierre Pierre $24,200.75 in fees for 36.55 hours of work, representing an effective hourly rate of $662.13); Tanizigia F. B. v. Bisignano, No. 24 Civ. 2467 (KMK) (JCM), 2026 WL

[2] $12,695.09 divided by 38.6 hours equals an hourly rate $328.89

1764647, at *3-4 (S.D.N.Y. Apr. 20, 2026), report & recommendation adopted, No. 24 Civ. 2467 (KMK) (JCM), 2026 WL 1761069 (S.D.N.Y. June 17, 2026) (awarding Mr. Pierre Pierre $17,445.00 in fees for 32.18 hours of work, representing an effective hourly rate of $542.11); Martinez v. Comm'r of Soc. Sec., No. 23 Civ. 3395 (LDH) (CLP), 2025 WL 2773020, at *3-4 (E.D.N.Y. Sept. 29, 2025) (awarding Mr. Pierre Pierre $44,267.94 in fees for 31.37 hours of work, representing an effective hourly rate of $1,662.93). Here, the Court finds that 38.6 hours was a reasonable amount of time to spend on this matter, which involved reviewing a 2,322-page transcript, see ECF No. 9, drafting an opening brief, see ECF No. 14, and drafting a reply brief, see ECF No. 16. Counsel began representing Plaintiff in November 2021, and counsel's services "included a district court appeal followed by agency level representation[,] including rehearing before an administrative law judge." See Pl.'s Mem. in Supp., ECF 26 at 5. Counsel's expertise and specialization allowed him to pursue this matter efficiently.

Second, as to the nature and length of the professional relationship, Plaintiff retained counsel on November 4, 2021, see Retainer, ECF No. 27-1, and counsel has represented Plaintiff throughout these proceedings and the subsequent agency proceedings. See Pl.'s Mem. in Supp., ECF No. 26 at 5. "This multi-year professional relationship weighs in favor of approving the contingency fee, as it demonstrates continuity of representation and sustained advocacy across both the agency and federal levels." Meyer, 2025 WL 2879978, at *5.

Third, counsel's work obtained the desired result for Plaintiff—a favorable ALJ decision and award of past and future benefits. Although Plaintiff has not submitted an affidavit regarding counsel's petition for fees, this does not suggest dissatisfaction. See Finnegan v. Comm'r of Soc. Sec., No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) (presuming plaintiff's satisfaction with receiving past-due benefits because "there [was]

no evidence in the record to the contrary"). The Court otherwise finds no evidence in the record that Plaintiff was dissatisfied with counsel's representation.

With respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F. 4th at 855, counsel notes that Plaintiff's claim "was denied at least four previous times at the agency level prior to the district court appeal." Pl.'s Mem. in Supp., ECF No. 26 at 6. "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Finnegan, 2024 WL 4494088, at *4.

In sum, the Court does not find that the requested amount of attorneys' fees constitutes a windfall and concludes that counsel's requested fees are reasonable.

### B. Offset Of The EAJA Award

Counsel has already received an EAJA attorneys' fee award of $9,785.00. See ECF No. 24. An attorney cannot recover fees under both EAJA and § 406(d), and must instead "refund the claimant the amount of the smaller fee." Finnegan, 2024 WL 4494088, at *3 (internal citations omitted). Accordingly, upon receiving the § 406(b) award, counsel should be directed to promptly refund to Plaintiff the $9,785.00 in EAJA fees already received.

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for attorneys' fees be granted, that counsel be awarded $12,695.09, and that counsel be directed to promptly refund to Plaintiff the amount of EAJA fees already received, $9,785.00.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any request for an extension of time for filing objections must be directed to

the District Judge prior to the expiration of the fourteen-day objection period. Failure to timely file objections will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022). Any party who wishes to waive any portion of the fourteen-day objection period should promptly notify the District Judge in writing.

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge